## NAGLE v. PENNSYLVANIA R. CO.

Civ. No. 26497.

United States District Court
N. D. Ohio, E. D.
Jan. 9, 1950.

A. H. Dudnik, P. Schwimmer, Cleveland, Ohio, for plaintiff.

Geo. H. P. Lacey (of Squire, Sanders & Dempsey), Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is a personal injury action brought under the Federal Employer's Liability Act, 45 U.S.C.A. § 51 et seq.

The action was filed on May 18, 1949 and the answer on July 8, 1949. Defendant on December 9, 1949, filed a motion for change of venue under 28 U.S.C.A. § 1404 (a) which is now for consideration. This action was assigned for trial prior to the filing of the motion for change of venue and it likely will come on for trial in the very near future. Objection to transfer has been filed; although the court's ruling is not based upon cases relied upon.

■ It is true that 1404(a) permits transfer of cases for the convenience of the parties and in the interest of justice. It might be that it would be more convenient to try this action in the Western District of Pennsylvania. However, the Federal Employers' Liability Act allows the plaintiff to sue in any district where the defendant does business. While 1404(a) applies to actions brought under the Federal Employers' Liability Act, still the plaintiff's choice of venue is entitled to some weight when a motion to change venue is under consideration, and objection thereto pressed.

■ Furthermore, it does not seem that the allowance of this motion will be in the interest of justice even though it might be more convenient to try it elsewhere. As pointed out above, this case was set for trial before the motion was made. Defendant has had some five months from the time of the filing of the action to the time it was set for trial, to present this motion, but failed to do so, even though the convenience of trying this action elsewhere must have been apparent at a very early date. Transfer now would mean at least a six-month delay, and probably a year or more, in the trial of the action. It seems to me that a reasonably prompt trial of any action is more in the interest of justice than a transfer for the convenience of the parties which will delay the trial especially where the plaintiff has the right to choose the forum, and objects to transfer. It is evident that a transfer now will prevent an early trial of this action.

■ The Court does not hereby set a time limit within which motions for change of venue must be filed. However, a defendant who seeks a change of venue must act with reasonable promptness, and if he, or it, delays until shortly before trial, the interest of justice in early trials overcomes any convenience to the parties which might result from a change of venue.

The motion will be overruled.