## SPENCE v. NORFOLK & W. RY. CO.
### No. 26667.

United States District Court
N. D. Ohio, E. D.

Feb. 6, 1950.

824

A. H. Dudnik, Cleveland, Ohio, for plaintiff.

James C. Davis, Cleveland, Ohio, for defendant.

FREED, District Judge.

■ The petition of defendant for rehearing seeks "a clarification of the policy of the Court with respect to cases of this character brought against it in the Northern District of Ohio." Let it be clearly understood that the Court is not by the present ruling, providing parties in litigation with a slide rule to enable them to calculate with mathematical precision the result that will be reached on motions to transfer that may be filed in other cases. All cases will be heard and decided on their particular facts. The very phraseology of the statute under which this motion is filed clearly demonstrates the logic of this conclusion. The only policy of the Court, in respect of this case or any other case, which

may be announced is that the law must be followed. "Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055. However, in fairness to both plaintiff and defendant, the Court feels that it should give expression to its views on some of the problems raised in this proceeding.

■ Decision on a motion to transfer under Title 28 U.S.C.A. § 1404(a) lies within the sound discretion of the Court. The area within which that discretion is to be exercised has been held by one court at least to be co-extensive with the limits of discretion under the doctrine of forum non conveniens. Naughton et al. v. Pennsylvania R. Co., D.C., 85 F.Supp. 761. Under that doctrine the plaintiff's choice of forum should not be disturbed unless the balance of convenience is strongly in favor of defendant. Gulf Oil Corp. v. Gilbert, supra, 330 U.S. 508, 67 S.Ct. 839.

■ It is true, as has been pointed out, that the difficulties attendant upon the refiling of an action after a dismissal under the doctrine of forum non conveniens are not present where the action is transferred pursuant to Section 1404(a). For that reason, and to that extent, it is the opinion of this Court that its discretion under § 1404 (a) is broader than would have been its discretion under the doctrine of forum non conveniens. See Amalgamated Ass'n etc. v. Southern Bus Lines, 5 Cir., 172 F.2d 946, 948.

■ Nonetheless, plaintiff's statutory right to institute suit in a particular court is a substantial one. Cf. Boyd v. Grand Trunk Western R. Co., 338 U.S. 263, 70 S. Ct. 26. The consideration of a motion to transfer to which the plaintiff makes objection must, in this Court's opinion, start with the assumption that a court where plaintiff has a right to be is a proper court to hear his cause. It is hardly for the Court to insist that transfer will serve the convenience of the plaintiff, if plaintiff, for sound or unsound reasons, insists that it will not. Thus, the motion to transfer should be granted over plaintiff's objection

only if it is made to appear that trial in the original forum will constitute an imposition upon the Court and upon the adversary. This view is entirely consistent with the language of the Act.

With this in mind and upon careful reconsideration, the Court is of the opinion that the affidavit in the original motion supported by the additional facts stated in the motion for rehearing warrant this Court in reaching the conclusion that, for the convenience of the parties, in the interest of justice, this cause be transferred to the Southern District of West Virginia.

I am in entire accord with the ruling of Chief Judge Jones of this Court in Nagle v. The Pennsylvania R. R. Co., D.C., 89 F.Supp. 822. However, in that case, the motion to transfer was not filed until five months after answer; here the motion was filed two weeks after answer. Nor can the Court agree with plaintiff's assertion that a motion to transfer must be made in all cases before answer. This is not an objection to "improper venue" within the meaning of Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A., but an effort to transfer a cause where venue has been properly laid.

The motion to transfer is, upon rehearing, granted.