Francis X. RICH

v.

UNITED STATES of America.

Civ. A. No. 13903.

United States District Court
E. D. Pennsylvania.

Jan. 26, 1956.

Henry Bischoff, Herman A. Becker, Philadelphia, Pa., for plaintiff.

W. Wilson White, U. S. Atty., Arthur R. Littleton, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The question presented is, Under what circumstances may a soldier recover under the Federal Tort Claims Act, 28 U.S. C.A. §§ 1346, 2671 et seq. for injuries negligently caused by another soldier or employee of the Government?

In Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200, recovery was allowed, the Court saying that the accident had nothing to do with the plaintiff's army career and that, had it been incident to the service, a different case would be presented. The opinion was mainly concerned with the question whether the effect of the World War Veterans' Act of 1924, 38 U.S.C.A. § 421 et seq., was to deny servicemen a remedy under the Tort Claims Act. In Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 155, 95 L.Ed. 152, the plaintiffs were soldiers "on active duty and not on furlough". The Court said "This is the 'wholly different case' reserved from our decision in Brooks v. United States" and, after pointing out that Brooks "was on furlough, driving along the highway, under compulsion of no orders or duty and on no military mission", held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Finally, in United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 144, 99 L.Ed. 139, the Court pointed out that the Brooks case had not been overruled and the Court referred to "the line drawn in the Feres case between injuries that did and injuries that did not arise out of or in the course of military duty."

■ Although there have been conflicting decisions, it seems to me that the determinative fact in each case is not where the plaintiff was at the time he was injured (whether on or off the military reservation) and not whether he was at the time on pass, furlough, or "leave" (although these things may have a bearing on the ultimate question), but whether what he was doing at the time was, in the language of the Feres case, "in the course of activity incident to service."

In the present case the evidence before the Court shows that the plaintiff had been a patient in the military hospital at Fort Bragg, North Carolina, that he had been granted and intended to take, on Monday morning, November 5, a convalescent furlough which would permit him to go to his home in Philadelphia for an extended stay, and that on Saturday, November 3, he left the hospital on a weekend pass which required him to report back, either at midnight Sunday, November 4, or 6:00 A.M. Monday, November 5.

Leaving the camp, he went into nearby Fayetteville at 5:00 o'clock on Saturday afternoon and spent the evening visiting and stopping at several places of refreshment. During the evening, he, in company with another soldier, made several trips to the camp and back to Fayetteville. His companion was to meet his wife on a bus that arrived at Fayetteville at 2.00 o'clock in the morning and did so. When the accident occurred, they were driving back to camp.

It does not appear whether the plaintiff expected to remain at the camp, although it is likely that he did so. He still had nearly 24 hours of freedom on his pass and no military duty required him to be at the camp during that period. He was, of course, in the general neighborhood of the camp, but, if one inquires what he was actually doing at the time, the answer would probably be that he was merely killing time until he could pick up his furlough and leave the camp on Monday morning. A different question might have been presented if he had been returning to camp at the end of his free time to report for duty, but he was not at the end of his free time and there is no definite evidence that he intended to remain at the camp that night.

■ On the whole, I cannot say from the evidence before me that the case comes within the rule of the Feres case and the motion for summary judgment must be denied.