Raymond E. BARROWS, Plaintiff

v.

CENTRAL MOTOR LINES, INC., and Mayrath Machine Company, Defendants.

Wanda TACKETT, Plaintiff

v.

CENTRAL MOTOR LINES, INC., and Mayrath Machine Company, Defendants.

Civ. A. Nos. 36526, 36527.

United States District Court
N. D. Ohio, E. D.
May 15, 1961.

Stanley M. Fisher, Fuerst, Fisher & Weinberg, Cleveland, Ohio, for plaintiffs.

Burns Weston, Johnson, Weston, Blackmore, Cory & Hurd, Cleveland, Ohio, for defendant Central Motor Lines, Inc.

Daniel Schipfer, Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, for defendant Mayrath Machinery Co., Inc.

KALBFLEISCH, District Judge.

### 1.

These actions for personal injuries were filed in the Court of Common Pleas of Cuyahoga County and were removed to this Court, on petitions of defendant Mayrath, on November 28, 1960. Plaintiffs are residents of the Southern District of Ohio, and defendants are foreign corporations.

■ Defendants filed separate answers on December 27, 1960; and on March 27, 1961, defendant Mayrath filed a motion to transfer each of these cases to the Southern District of Ohio, Eastern Division, on the ground that the actions do not lie in the Northern District of Ohio and for the convenience of the parties and witnesses. In an affidavit in support of the motions, counsel for Mayrath states that counsel for defendant Central Motor Lines, Inc., have advised him that "they approve of a transfer to the Southern District, Eastern Division, and will join in this motion."

■ Defendant Mayrath contends that under 28 U.S.C.A. § 1391(a), this action does not lie in the Northern District of Ohio "and the Court would be within its rights in dismissing it," inasmuch as neither plaintiffs nor defendants reside in the Northern District.

The statute referred to reads as follows:

"1391. *Venue generally.*

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

The above section, by its terms, is not applicable to an action which has been removed to a district court. The Supreme Court so held in Polizzi v. Cowles Magazines, Inc., 1953, 345 U.S. 663, 73 S.Ct. 900, 97 L.Ed. 1331. The proper district court for removal of a state court action, under 28 U.S.C.A. § 1441(a), is "the district and division embracing the place where such action is pending."

Defendants' motions for change of venue, under 28 U.S.C.A. § 1404, are not timely, Nagle v. Pennsylvania, R. Co., D.C.N.D.Ohio, E.D.1950, 89 F.Supp. 822, nor do defendants' motions disclose any compelling reasons for transfer of these actions under 28 U.S.C.A. § 1404(a). Accordingly, the motions to transfer in the above cases will be overruled.

### 2.

■ Defendant Mayrath objects to the ninth interrogatory addressed to it by plaintiff in each of the above cases. Mayrath answered interrogatory No. 8 affirmatively, to the effect that it had conducted an investigation of the subject accident. Interrogatory No. 9 reads as follows:

"9. If the answer to the preceding interrogatory is 'Yes,' please state the following:

"a) Name, address and capacity of the person(s) conducting the investigation.

"b) The time, date and place each investigation was held.

"c) The names and addresses of the witnesses called.

"d) The phsyical facts disclosed by said investigation.

"e) The name and address of the person having custody of said investigation report."

In its brief, Mayrath asserts that it has no "real objection" to 9(a) or 9(b), and concedes that 9(c) might be proper if it asked for the names and addresses of known witnesses rather than "witnesses called."

· The objections to interrogatory 9(a), (b) and (e) will be overruled. The objections to interrogatory 9(c) also will be overruled provided it is limited to names and addresses of known witnesses. Interrogatory 9(d) is too broad and the objections thereto will be sustained.