Walter W. NOWOTNY, Jr., Plaintiff,

v.

Joseph M. TURNER, United States of America, Defendants.

No. C–145–R–61.

United States District Court
M. D. North Carolina,
Greensboro Division.

April 5, 1962.

Charles F. Blanchard, Raleigh, N. C., for plaintiff.

McNeill Smith, Greensboro, N. C., for defendants.

PREYER, District Judge.

On January 21, 1961, a privately owned motor vehicle in which plaintiff was a passenger collided with an Army ambulance being operated in line of duty at an intersection on the military reservation at Fort Bragg, North Carolina. As a result of this collision, this action was instituted by the plaintiff under the provisions of the Federal Tort Claims Act against the United States of America and Joseph M. Turner, who was the operator of the vehicle in which plaintiff was a passenger. At the time of the collision the plaintiff was a Second Lieutenant in the United States Army being stationed and residing on the military reservation at Fort Bragg, North Carolina. The plaintiff was on active duty and subject to call for military duty at any time although neither the plaintiff nor the defendant Turner were undertaking any military mission at the time of the collision.

The case is before the court on defendant Turner's Motion to Dismiss and the Government's Motion for Summary Judgment.

## MOTION TO DISMISS

The defendant Turner moves to dismiss on the grounds that, (1) the complaint fails to state a claim against Turner; (2) that the court lacks jurisdiction over the subject matter and over the parties; (3) that the venue is improperly laid. We think the motion should be granted on the third ground—improper venue.

The plaintiff seeks to invoke the jurisdiction of this court under the authority of 28 U.S.C. § 1402(b) which provides: "(b) Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." The evidence indicates that the action occurred in Cumberland County which is outside the Middle District and in the Eastern District of North Carolina. The only way, therefore, the court has jurisdiction is if plaintiff was a "resident" of Moore County in the Middle District of North Carolina, as he contends. The defendant Turner denies such residence.

From the affidavits submitted and from the pleadings in the case, the court finds the facts on this point as follows. Plaintiff's permanent residence and domicile is in St. Louis, Missouri. Plaintiff graduated from the University of Missouri in June 1958 at which time he received a Commission as Second Lieutenant in the United States Army, requiring him to serve two years active duty which he commenced in April 1959. He was assigned to Fort Bragg in Cumberland County in August 1959. He resided at Fort Bragg from August 1959 until September 9, 1961, when he took rooms in Southern Pines, Moore County. The complaint was signed by counsel for the plaintiff eleven days after plaintiff took rooms in Southern Pines. Plaintiff intended to seek discharge in April 1961, but by reason of his injuries and subsequent treatment in the Army hospital, continued his duty for a longer period. He intended to return to St. Louis, Missouri, upon his discharge and his purpose in moving to Moore County was to enable him to bring suit in the Middle District. Sometime in December 1961 plaintiff was discharged from service and returned to his permanent residence and domicile, St. Louis, Missouri.

We conclude that these facts are insufficient to establish that plaintiff was a resident of Moore County within the meaning of 28 U.S.C. § 1402. The only case we are familiar with which interprets this statute is Jones v. Federal Bureau of Investigation, 139 F.Supp. 38 (D.C.Md., 1956). The court in the Jones case, in considering the legal question of residence, stated at page 42:

"In Townsend v. Bucyrus-Erie Co., 10 Cir., 144 F.2d 106, 108, the court

held that while 'state citizenship', as used in sec. 24 of the Judicial Code, 28 U.S.C.A. § 41(1), and 'residence in a judicial district' for venue purposes under sec. 51, 28 U.S.C.A. § 112, are not synonymous or convertible terms, nevertheless they are related or cognate terms, and the existence of one, although not conclusive, is cogent evidence of the other. 'They both embody the concept of domicile or a place called home as distinguished from a transitory or temporary place of abode.' * * * the transient visit of a person for a time and a place does not make him a resident while there; that something more is necessary to entitle him to that character. There must be a settled, fixed abode, an intention to remain permanently, at least for a time, for business or other purposes, to constitute a 'residence,' within the legal meaning of the term."

While the Jones decision did not make a specific holding as to whether "residence" in § 1402 actually means domicile, the weight of authority seems to be that for the purpose of fixing venue under federal statutes, residence means domicile. 36 C.J.S. Federal Courts § 17(2). It is not necessary for the decision of this case, however, to decide if in § 1402(b) "residence" equals "domicile." We think it sufficient to apply the rule of the Jones case which insists on some relative degree of permanence. The facts in the present case show little more than the physical presence of the plaintiff for a period of time in Moore County. We find this quite insufficient under the test of the Jones case and find that it does not meet the requirement that plaintiff "resides" in Moore County.

## MOTION FOR SUMMARY JUDGMENT

■ The question involved is whether the Government is liable to military personnel who suffer injuries "incident to their military service." In Feres v. United States, 340 U.S. 135, at page 146, 71 S.Ct. 153, at page 159, 95 L.Ed. 152 (1950), the court stated:

"We conclude that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service."

The Government contends that under the facts presented here the plaintiff is barred from maintaining this action by the doctrine laid down in the Feres case and followed in Ritzman v. Trent, 125 Supp. 664 (E.D.N.C.1954).

Plaintiff, on the other hand, contends that the Federal Tort Claims Act is available to an off duty soldier injured by a Government vehicle where the accident has nothing to do with the service career of the injured person. Plaintiff contends that the case of Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 is controlling here rather than the Feres case. In the Brooks case the plaintiff serviceman was on furlough and involved in an accident on a public highway when his private automobile was struck by a United States Army vehicle being negligently operated by a Government employee; in Feres, plaintiff was off duty and not undertaking any military missions and died in a fire in barracks on the military reservation.

The evidence in the present case indicated that plaintiff was off duty from his assignment with the United States Army Garrison. His last military duties were performed at 5:00 p. m. on Friday, January 20, 1961, and he was not to report back to duty until Monday morning, January 23, 1961. The accident occurred on Saturday night on a boulevard on the Fort Bragg reservation leading out to a public highway.

There are a number of cases allowing plaintiffs to recover under the Federal Tort Claims Act where the plaintiff was on "liberty pass". Snyder v. United States (1953, D.C.Md.) 118 F.Supp. 585; or on "shore leave". Brown v. United States (1951, D.C.W.Va.) 99 F.Supp. 685; or "on pass". Knecht v. United States (3 Cir., Pa.1957) 242 F.2d 929; or "on furlough", Barnes v. United States (1952 D.C.Ky.) 103 F.Supp. 51. These

cases raise the question as to what type "off duty" arrangement Nowotny was under in the instant case. He was technically not "on pass" or "on leave" but was apparently off duty from Friday until Monday morning. The available facts of this case, at this point, do not fully show the nature of the duty relationship, and therefore it is not possible to determine whether Nowotny was actually injured by the Government agent "incident to his service" in the light of these cases.

In Rosen v. United States (1954 D.C. N.Y.), 126 F.Supp. 13 the court said, "whether a member of the Armed Forces, [being] 'on pass' or leave, becomes in effect a civilian within the Federal Tort Claims Act, should be resolved in the light of the applicable law and regulations rather than by a process of uninformed judicial conjecture." The court held that "this controversy could not be adequately adjudicated upon the existing stipulation, and that the rights of both parties can best be served by the presentation of all available evidence"—thereby denying the government's motion for summary judgment.

Similarly in Rich v. United States (1956, D.C.Pa.) 144 F.Supp. 791, the court denied the government's motion for summary judgment and in so doing stated that the determinative factor in each case was not where the plaintiff was at the time of injury (i. e. whether on or off the military reservation), and not whether he was at the time on pass, furlough, or leave, although such things might have a bearing upon the ultimate question, but whether what he was doing at the time was, in the language of the Feres case, supra, "in the course of activity incident to the service" and that on the facts of the case being considered it could not be stated that the accident in which plaintiff sustained his injuries occurred as an incident to his service.

We believe these cases are pertinent in the instant case. We cannot say on the evidence presented that there is no genuine and material factual issue in the case, and that the moving party is entitled to judgment on the undisputed facts disclosed by the record. Moreover, in this instance we do not think that as a matter of justice and sound judicial administration the case as to the Government should be summarily disposed of, as will more clearly appear from the discussion following. The Motion for Summary Judgment is, therefore, denied. The Government is allowed the right to renew such motion after more evidence is received on the point.

■ The Government in the instant case did not raise the question of improper venue or lack of jurisdiction. Of course, if 28 U.S.C. § 1402(b) is jurisdictional, the court should dismiss the whole case, since the Government cannot consent to jurisdiction the court does not have. We are of the opinion, however, that 28 U.S.C. § 1402(b) is a venue provision rather than jurisdictional. It might, therefore, be argued that the Government has waived venue when it answered the complaint. This raises the question as to what posture the case will be in since the motion to dismiss as to defendant Turner has been granted.

■ To resolve this impasse, the court suggests that it would grant a motion by the Government to transfer the case pursuant to the provision of 28 U.S. C. § 1404(a). Such a motion is not an objection to improper venue which under Rule 12(b), F.R.Civ.P., 28 U.S.C., would be required to be made before answer. Spence v. Norfolk & W. Ry. Co., D.C.Ohio 1950, 89 F.Supp. 823. We think the motion to transfer under 28 U.S.C. § 1404(a) would apply to Federal Tort Claims Act cases even though a special venue statute controls such cases. 1 Barron & Holtzoff, Federal Practice & Procedure, p. 408.

An appropriate order and judgment may issue in accordance with the foregoing views.