250 So.2d 172 (1971)
James L. WALL et al.
v.
AMERICAN EMPLOYERS INSURANCE CO. et al.
Jeff L. BUTLER et al.
v.
AMERICAN EMPLOYERS INSURANCE CO. et al.
No. 8509.
Court of Appeal of Louisiana, First Circuit.
May 31, 1971.
*173 H. F. Sockrider, Jr., of Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for appellants.
William J. Doran, Jr., William T. Kivett and James B. Frederick, Jr., Baton Rouge, for appellees.
Before LANDRY, ELLIS and BLANCHE, JJ.
LANDRY, Judge.
These applications for supervisory writs seek to prevent transfer of these consolidated actions from the Nineteenth Judicial District Court, East Baton Rouge Parish to *174 the Second Judicial District Court, Claiborne Parish, pursuant to LSA-C.C.P. art. 123 (Act 294 of 1970), which authorizes a change of venue in accordance with the principle of forum non conveniens. We recall the alternative writs granted herein and dismiss the applications.
These actions were filed in the Nineteenth Judicial District Court, East Baton Rouge Parish, on January 25, 1967, pursuant to authority of House Concurrent Resolution No. 34 of the 1966 Special Session of the Louisiana Legislature. Said statute expressly declares that venue for these suits shall be either in Claiborne Parish or the Nineteenth Judicial District in and for East Baton Rouge Parish.
Plaintiffs, James L. Wall and Betty Wall, pray for damages for the death of their minor daughter, Dianne, who was killed in an automobile accident which occurred on July 19, 1966, in Claiborne Parish. Named defendants in this action are American Employers Insurance Company (American), a foreign corporation; H. C. Vize and Eunice S. Vize, residents of Bienville Parish; The State of Louisiana, Through the Department of Highways (Department), and The Police Jury of Claiborne Parish (Police Jury).
In the companion case arising from the same accident, plaintiff, Jeff Butler, sues individually, and as head of the community with his wife, Blanche Butler, and also, as father of his minor children, for personal injuries to his children and related expense. Blanche Butler seeks recovery for personal injuries. Alfred Mosley prays for recovery on behalf of himself, individually, and for his minor children, Donald Ray Mosley and Terri Elaine Mosley. The defendants named in this action are American, E. L. Prothro, Jr., resident of Bienville Parish, Mr. and Mrs. H. C. Vize, Department, and Police Jury.
An amicable compromise with defendants, American and E. L. Prothro, Jr., resulted in dismissal of plaintiff's action as to these parties. The Department's motion for summary judgment was sustained resulting in the dismissal of that defendant. The remaining defendants are Mr. and Mrs. Vize and Police Jury.
On February 10, 1967, Police Jury moved for a change of venue to Claiborne Parish pursuant to LSA-C.C.P. art. 122, which motion was denied on authority of Trahan v. Phoenix Insurance Company, 200 So.2d 118 (1st Cir., La.App.1967), certiorari denied 251 La. 47, 202 So.2d 657. The basis for the holding in Trahan, above, was that the doctrine of forum non conveniens was foreign to Louisiana procedural law.
LSA-C.C.P. art. 123, as enacted by Act 294 of 1970, provides as follows:
"For the convenience of the parties and the witnesses, in the interest of justice, a district court upon contradictory motion, or upon the court's own motion after contradictory hearing, may transfer a civil case to another district court where it might have been brought, provided, however, that no suit brought in the parish of which the plaintiff is domiciled, and which court is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this article."
The Official Comment on Article 123, above, expressly declares legislative intent to nullify the ruling in Trahan v. Phoenix Insurance Company, above, and we so declare.
Pertinent to this discussion is La.Const. Art. 3, Sec. 35, the applicable portion of which reads as follows:
"The Legislature shall, by special or general laws or resolutions, prescribe the procedural rules, including rules of venue and service of process, to govern suits against the state and other public bodies; the procedure in such suits, in the absence of applicable procedural rules promulgated by the Legislature, to be the same as in suits between private litigants."
*175 Applicants maintain that the judgment of the trial court is erroneous in that: (1) It is contrary to the resolution authorizing these actions and the above cited constitutional provision which fixes the venue as East Baton Rouge Parish; (2) the motion to transfer is a declinatory exception and, as such, untimely filed inasmuch as it was plead subsequent to answer, and (3) the court's ruling on Police Jury's former motion to transfer is res judicata and binding on the trial court.
We find no merit in the argument that the above quoted constitutional provision fixes venue in the Parish of East Baton Rouge, and that to apply LSA-C.C.P. art. 123 is to repeal said constitutional mandate by simple legislative act. As correctly argued by counsel, Lewis v. State, 207 La. 194, 20 So.2d 917, establishes that where the legislature in authorizing suit also establishes venue, the provisions of the particular resolution supercede other procedural rules which would otherwise have applied.
In this instance, however, the legislature has authorized venue in either of two parishes. Under the plain provisions of the resolution, plaintiffs could have sued in either parish. This does not mean that once the election has been made, it is irrevocable. The resolution does not proscribe a transfer to the other parish on which venue has been expressly conferred under available procedural rules. Plaintiffs could have dismissed their actions in East Baton at any time permitted by procedural rules, and filed the same suits in Claiborne Parish. The transfer, therefore, if otherwise in accord with law, does not contravene the constitutional and statutory provisions cited by applicants.
The contention that the motion is a declinatory exception and was untimely filed because it was tendered subsequent to answer is also without foundation.
An exception is defined in LSA-C.C.P. Title Pleading, Chapter 3, Exceptions, art. 921, as follows:
"An exception is a means of defense, other than a denial or avoidance of the demand, used by the defendant, whether in the principal or an incidental action, to retard, dismiss, or defeat the demand brought against him."
We find that a motion to transfer pursuant to the doctrine of forum non conveniens is not an exception as defined by LSA-C.C.P. art. 921. Such a motion does not constitute a defense to a suit, it does not seek to retard, dismiss or defeat the demand against movant.
Our change of venue procedure, which is designated as a motion, is found in LSA-C.C.P. Title Courts, Chapter 3, art. 122, which states:
"Any party by contradictory motion may obtain a change of venue upon proof that he cannot obtain a fair and impartial trial because of the undue influence of an adverse party, prejudice existing in the public mind, or some other sufficient cause. If the motion is granted, the action shall be transferred to a parish wherein no party is domiciled."
We deem it noteworthy that Act 294 of 1970 incorporates the doctrine of forum non conveniens into our procedural law as LSA-C.C.P. art. 123, under the Title Courts, Chapter 3, immediately following our change of venue article. We view this circumstance as an expression of legislative intent that the procedure authorized by art. 123, above, is analogous to a motion for change of venue, and is not in the nature of an exception. Granted article 123 does not specify the time when a motion to transfer pursuant thereto must be made. Since such a motion is not an exception, it is not controlled by art. 928, above. Neither is the present motion one which raises the question of improper venue and must, pursuant to LSA-C.C.P. art. 928, be filed prior to answer. In this instance, by the plain terms of the applicable legislative resolution, the courts of both of the named parishes are courts of proper venue. Neither could be challenged on the ground that it is of improper venue. Moreover, in seeking the transfer, respondents are not *176 challenging the venue of the court of East Baton Rouge Parish.
Because the motion before us is in essence a motion for a change of venue, we deem the filing time applicable thereto is governed by LSA-C.C.P. art. 122, which establishes the time for filing a motion for change of venue for cause. We note that the Official Revision Comments to art. 122, above, permits the filing of such a motion after answer is filed. This conclusion accords with the interpretation given Federal Statute 28 U.S.C. 1404(a), upon which our art. 123, above, is patterned. See Nowotny v. Turner, D.C., 203 F.Supp. 802; Spence v. Norfolk and W. Ry. Co., D.C.Ohio, 1950, 89 F.Supp. 823. We hold, therefore, the motion was timely filed.
The contention that the trial court's initial ruling on respondent's motion to transfer is binding by virtue of the principle of res judicata is without substance. Res judicata does not apply to an interlocutory judgment of a trial court. Keller v. Thompson, La.App., 134 So.2d 395, and authorities therein cited. The ruling on the initial motion to transfer did not dispose of the merits of these causes either in whole or in part. Consequently, it was an interlocutory judgment or order.
Neither do we find that denial of the first motion to transfer is binding on the trial court under the law of the case principle. In Keller v. Thompson, La.App., 134 So.2d 395, the scope and application of the law of the case principle is stated as follows:
"There is a distinction between this effect, and between the effect to be given to prior rulings disposing of the identical issue earlier in the same proceedings involving the same parties. The principle applicable to the latter situation is referred to as the `law of the case' a principle which has as its purpose the avoiding of indefinite relitigation of the same question and the expediting of its final determination. As compared with the court's consideration of the merely persuasive effect of a precedent resulting from a decision in another suit, an earlier ruling in the same litigation ordinarily `dispenses with the need of (the court's) considering again what has been previously decided in the same suit.' Lummus `The "Law of the Case" in Massachusetts', 9 Boston U.L.Rev. 225 (1929).
As succinctly summarized in the comment, `Developments in LawRes Judicata', 65 Harv.L.Rev. 818 (1952), 820, the law of the case principle relates (a) `to the binding force of trial court rulings during later stages of the trial', (b) `to the conclusive effect of appellate rulings at the trial on remand', and (c) to `the rule that an appellate court will not reconsider its own rulings of law on a subsequent appeal in the same case'. The comment continues that, in the latter sense, `law of the case is limited to rulings of law and to the framework of a single case. Formerly applied as strictly as res judicata, even where an intervening case involving other parties had overruled the prior decision, law of the case now serves most courts as a discretionary guide. Reargument will be barred where there is merely doubt as to the correctness of the former ruling, but will be permitted in cases of "palpable error" or "manifest injustice".' See also: Freeman on Judgments (5th ed., 1925), Sections 627a (p. 1324), 630 (p. 1328); 1 Moore's Federal Practice (1960), Section 0.4041."
The foregoing citation indicates that the current weight of authority considers the law of the case doctrine as a discretionary guide. With this interpretation, we are in agreement.
We are of the view that application of the law of the case rule insofar as it relates to the binding effect of trial court rulings during later stages of a trial is largely a matter of judicial discretion. As noted in Keller, above, reconsideration is to be avoided where there is merely doubt as to the correctness of a prior ruling. Reconsideration should be granted, however, in cases of palpable error or resulting manifest *177 injustice. We find that the granting of respondent's subsequent motion does not constitute an abuse of discretion unless it be established that such action was arbitrary and lacked sufficient cause.
The record discloses that none of the plaintiffs or remaining defendants reside in East Baton Rouge Parish. It further appears that only three witnesses, namely, a captain and sergeant of the Department of Public Safety, and an employee of the Department (all of whom would testify for the defense), reside in East Baton Rouge Parish. All the remaining witnesses, including the medical experts, reside outside of East Baton Rouge Parish in areas nearer to Claiborne Parish than to East Baton Rouge Parish. Also significant is the fact that the accident occurred in Claiborne Parish. Under these circumstances, we conclude there has been no abuse of the trial court's discretion in this instance.
The alternative writ issued herein is recalled and these applications for supervisory writs are denied at applicants' cost.
Applications denied.