Lewis W. KNECHT, Administrator of the Estate of William J. Knecht, Deceased, Appellant in No. 12101,

v.

UNITED STATES of America, Appellant in No. 12102.

Nos. 12101, 12102.

United States Court of Appeals
Third Circuit.

Argued March 7, 1957.

Decided March 29, 1957.

**930**

Laurence H. Eldredge, Philadelphia, Pa. (Albert S. Fein, Philadelphia, Pa., on the brief), for Lewis W. Knecht.

Morton Hollander, Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., W. Wilson White, U. S. Atty., Philadelphia, Pa., Paul A. Sweeney, Atty., Dept. of Justice, Washington, D. C., on the brief), for United States.

Before MARIS and GOODRICH, Circuit Judges, and McILVAINE, District Judge.

GOODRICH, Circuit Judge.

■ This case presents an interesting narrow question under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680. As the case comes to this Court most of the disputed questions have been resolved. The incident out of which the suit arose was a highway accident in Alaska in which a United States soldier while off duty was killed through the negligence of another soldier who was on duty at the time. On the issue of the government's liability to a serviceman, Brooks v. United States, 1949, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200, and Feres v. United States, 1950, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, mark the line of distinction to be followed here. The accident which the plaintiff's decedent suffered did not arise out of or in the course of activity incident to his service. There can be recovery, therefore, if established in accordance with the law of the place where the liability-creating conduct occurred. See Eastern Air Lines, Inc., v. Union Trust Co., 1955, 95 U.S.App.D.C. 189, 221 F.2d 62.[1] Negligence, accident and death in this case occurred in Alaska. Alaska law clearly governs.

Suit was brought in the United States District Court for the Eastern District of Pennsylvania and the case was tried by a judge without a jury. The trial court entered judgment for the plaintiff in the sum of $15,000. E.D.Pa.1956, 144 F.Supp. 786. This sum was the limit of recovery in a death by wrongful act case under the law of Alaska at the time of the act complained of.[2]

■ The limitation of the recovery in a suit brought in Pennsylvania to the figures set by the Alaska statute was correct. The almost uniform course of decision has treated the limitation of damages in the governing statute as limiting recovery where suit is brought in a second state. Northern Pacific Ry. Co. v. Babcock, 1894, 154 U.S. 190, 14 S.Ct. 978, 38 L.Ed. 958; Goodrich, Conflict of Laws

---

1 Three petitions for certiorari followed this opinion, Numbers 296, 297 and 298 of the October 1955 term of the Supreme Court, 350 U.S. 907, 76 S.Ct. 192, 100 L.Ed. 796. The conflict of laws question was presented in Union Trust Co. v. United States, No. 297, and the Supreme Court denied certiorari, 1955, 350 U.S. 911, 76 S.Ct. 192, 100 L.Ed. 799. Statements of the questions presented by the various petitions may be found in 24 U.S.L. Week 3064, 3100 and 3075 re-

spectively. Landon v. United States, 2 Cir., 1952, 197 F.2d 128, 131, suggests that "the law of the place where the act * * * occurred" refers to the whole law, including the conflict of laws rules, of the place of the act.

2. 3 Alaska Comp. Laws Ann. § 61-7-3 (1949), as amended by Sess.Laws of 1949, c. 89. Subsequent to the accident here involved the limit on damages was increased prospectively to $50,000. Sess. Laws of 1955, c. 153.

§ 91 (3d ed. 1949); Restatement, Conflict of Laws § 417 (1934).

We now come to the novel question in this case. Two or three more facts must be set out in order to get it in focus. The district judge found that the resultant losses to the decedent's family reduced to present value totaled $55,000. The government does not take issue with this finding. The court also found that Congress through legislative provisions other than the Tort Claims Act has seen fit to provide the bereaved family compensation which in this case will total at least $16,075. and possibly a great deal more depending on several contingencies. While the district court entered judgment for the plaintiff for $15,000. it also stated in its conclusion of law number five that: [144 F.Supp. 791]

> "The United States is entitled to set off against the above entitled verdict, the amounts of money already paid, and such amounts of future payments as it must make in the nature of compensation payments under 38 U.S.C.A. § 700 et seq. up to the aforesaid sum of $15,000."

■ We may now take it as fairly clear that the United States is not held to pay twice for the same loss where an injury sustained by someone is compensable under the Tort Claims Act and some other legislative provision. This point was suggested by the Court's opinion in the Brooks case, supra, when Mr. Justice Murphy said:

> "But this does not mean that the amount payable under servicemen's benefit laws should not be deducted, or taken into consideration, when the serviceman obtains judgment under the Tort Claims Act. Without the benefit of argument in this Court, or discussion of the matter in the Court of Appeals, we now see no indication that Congress meant the United

States to pay twice for the same injury. * * *" 337 U.S. at page 53, 69 S.Ct. at page 921.

This suggestion was followed out in United States v. Brooks, 4 Cir., 1949, 176 F.2d 482 and United States v. Gray, 10 Cir., 1952, 199 F.2d 239; likewise Snyder v. United States, D.C.D.Md.1953, 118 F.Supp. 585, modified on other grounds, United States v. Guyer, 4 Cir., 1954, 218 F.2d 266, judgment of the district court reinstated, Snyder v. United States, 1955, 350 U.S. 906, 76 S.Ct. 191, 100 L.Ed. 796. This is an application of a general principle that one is not obliged to pay double compensation for the same injury. Thus if a plaintiff recovers judgment against several tort-feasors for the same tort he can collect only once, Restatement, Judgments § 95 (1942); Restatement, Restitution § 147(3) (1937).

■ But on the plaintiff's theory here the government will not be called upon to pay twice for the same injury. The pecuniary loss to the family is $55,000. The government's benefits are $16,075. The $16,000. plus the $15,000. for the death by wrongful act judgment will still leave the plaintiff uncompensated for a very appreciable amount. Thus, there is no overreaching, no double payment and no unfairness to the United States.[3]

Both parties have appealed in this case. Whether the plaintiff had standing to appeal is not altogether clear because he did recover judgment for $15,000. What he really complains of is the conclusion of law which the judge reached in the statement quoted above. But the question is squarely before us because the government appealed, also objecting to the entry of the judgment for $15,000. We think it right that the judgment for this amount should be affirmed. If subsequently payments to the widow and child come up to the full amount the trial court has found they suffered, then it can be

3. The government suggests that in a portion of the Feres opinion discussing the Griggs appeal, the Supreme Court outlined a procedure whereby death benefits should be set off against the amount to which recovery is limited by state law. 340 U.S. at page 145, 71 S.Ct. at page

159. Reading the cited section, we conclude that the Supreme Court was indicating merely that, "The compensation system * * * is not negligible or niggardly, as these cases demonstrate." Ibid.

open to the government to object to making payments which would more than compensate for their loss.

The judgment of the district court will be affirmed.