judgment was entered declaring the debt to be non-dischargeable.

Applying the principles articulated in these cases to the case *sub judice,* a debt which originates from the debtor's fraud should not be discharged simply because the debtor entered into a settlement agreement. The underlying debt was unquestionably the result of the debtor's fraud, not his breach of the settlement agreement. The fact that appellant's claim never matured into a final judgment but was terminated by a settlement agreement should not be controlling. The Bankruptcy Court should inquire into the factual circumstances behind the settlement agreement to ascertain whether or not the debt incurred by appellee Schools was derived from the alleged fraudulent conduct while managing the Greater Asbury Collections corporation. If the court is satisfied that Schools' conduct was fraudulent and did result in the debt that Greenberg claims against him, the debt should not be discharged by the bankruptcy proceeding. This Court makes no determination on the merits of appellant's claim. The ruling of the Court is limited to the extent that it covers only the contention that the settlement agreement serves to automatically extinguish the appellant's claim and discharge it in bankruptcy.

### III. CONCLUSION

Based upon the Court's determination that the instant debt is not dischargeable in bankruptcy simply because the parties entered into a settlement agreement, the final judgment must be vacated and this cause remanded with directions to accord the appellant the opportunity to establish that the debt owed him by the appellee arose from "fraud, defalcation while acting in a fiduciary capacity, embezzlement, or larceny." If the Bankruptcy Court is satisfied that the initial debt was incurred as alleged in the appellant's complaint, judgment for appellant shall be entered.

DONE AND ORDERED in chambers at Miami, Florida, this 11th day of May, 1982.

s/   James W. Kehoe
JAMES W. KEHOE
UNITED STATES DISTRICT JUDGE

Hannelore SHAW, Plaintiff-Appellant,

v.

**U.S.A. VETERANS ADMINISTRATION and American Home Assurance Company, Defendants-Appellees.**

**No. 82–3195
Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Aug. 4, 1983.

Donald William Giffin, St. Petersburg, Fla., for plaintiff-appellant.

Virginia Covington, Asst. U.S. Atty., Tampa, Fla., for defendants-appellees.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant, Hannelore Shaw, prevailed in a medical malpractice action for improper treatment of her husband's severe service-related psoriasis which resulted in liver cirrhosis. Appellant was found to be entitled to compensation in the amount of $29,411 ($100,000 minus the fraction attributable to her husband's comparative negligence) for the loss of consortium and support resulting from the trauma surrounding her husband's emergency surgery and the 12.7 year decrease in his life expectancy. Judgment was entered for appellant but no damages were awarded.[1] The district court reasoned that:

> The amount of the VA benefits which the plaintiff's wife would receive if the plaintiff were to die prematurely must be deducted from the award. The plaintiff's wife would be entitled to $428 per month or $5,136 per year if the plaintiff dies prematurely of a service related disease.... Multiplying $5,136 by 12.7 years yields $65,227. Because this figure offsets the amount of the award, the plaintiff, Hannelore Shaw, is not entitled to any damages from the defendant.

■ Setoff of awards received under the Federal Tort Claims Act against government benefits received under other statutes is necessary to avoid the government's "double payment for the same injury." *Kubrick v. United States,* 581 F.2d 1092, 1098 (4th Cir.1978), *rev'd on other grounds,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). As the Supreme Court stated in *Brooks v. United States,* 337 U.S. 49, 53–54, 69 S.Ct. 918, 920–921, 93 L.Ed. 1200 (1949):

> Certain elements of tort damages may be the equivalent of elements taken into account in providing disability [or death benefits] payments. It would seem incongruous, at first glance, if the United States should have to pay in tort for ... expenses it had already paid....

---

1. Appellant's husband, Leon Shaw, was awarded damages in the amount of $91,425. Originally all plaintiffs appealed and all defendants cross-appealed. Subsequently, all appeals except that of Hannelore Shaw were voluntarily dismissed.

We agree with appellant, however, that the district court applied the setoff provision backwards. In the cases relied on by the government, the amount of the award was reduced *only* to the extent of monies previously received or awarded from other government sources. *See Kubrick v. United States,* 581 F.2d at 1098 ($50,000 previously paid to plaintiff was deducted from his Federal Tort Claims Act award); *Mosley v. United States,* 538 F.2d 555, 560 (4th Cir.1976) (disability benefits awarded were decreased by amount of survivors' benefits already received under the Railroad Retirement Act, 45 U.S.C. § 228a *et seq.*); *United States v. Gray,* 199 F.2d 239, 244 (10th Cir.1952) (amount previously paid and present value of amount to be paid for non service connected disabilities were deducted from the Federal Tort Claims Act award). The statute governing set-off in this case is 38 U.S.C. § 410(b)(2). It states:

> If a surviving spouse or a child receives any money or property of value pursuant to an award in a judicial proceeding based upon, or a settlement or compromise of, any cause of action for damages for the death of a veteran ... benefits under this chapter payable to such surviving spouse or child by virtue of this subsection shall not be paid for any month following a month in which any such money or property is received until such time as the total amount of such benefits that would otherwise have been payable equals the total of the amount of the money received and the fair market value of the property received.

The plain language of this provision states that the amount appellant is to receive from the judgment in this case will be deducted in the *future* from any death benefits which she may receive. To interpret it as the district court did would be to condition the appellant's receipt of her award upon the requirements of 38 U.S.C. § 101(3) (that appellant outlive her husband, be married to him at the time of his death, and not remarry), future contingencies that are not relevant to her claim now before the court. That interpretation reduces compensation to which appellant is entitled by future amounts that she may never receive.

Hannelore Shaw is entitled to her $29,411 now. The judgment of the district court is reversed and remanded for entry of judgment for appellant in that amount.

REVERSED and REMANDED.