Vincent William MICHELS,
Plaintiff–Appellee,

v.

UNITED STATES of America,
Defendant–Appellant.

No. 93–2303.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1994.

Decided Aug. 4, 1994.

Jonathan T. Weinberg, Dept. of Justice, Washington, DC, argued (Henry Gabriel and Barbara Herwig, Dept. of Justice, on the brief), for defendant-appellant.

James P. Craig, Cedar Rapids, IA, argued (Marsha Beckelman, on the brief), for plaintiff-appellee.

Before LOKEN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and EISELE,* Senior District Judge.

---

* The HONORABLE G. THOMAS EISELE, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

LOKEN, Circuit Judge.

Vincent Michels was seriously injured when his motorcycle collided with a vehicle driven by an employee of the United States Department of Agriculture. Michels filed a claim with the agency for $450,000 in damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 ("FTCA"). When that claim was not resolved, he commenced this action. Following a bench trial, the district court[1] awarded Michels $710,000 in damages, concluding that 28 U.S.C. § 2675(b) permits him to recover damages in excess of his administrative claim because he presented "newly discovered evidence not reasonably discoverable" or "intervening facts." *See Michels v. United States*, 815 F.Supp. 1244 (S.D.Iowa 1993). The government appeals, contending that the district court committed errors of law in interpreting and applying § 2675(b). We affirm.

## I.

The accident occurred in March 1989, during Michels's freshman year at Iowa State University. He suffered severe injuries, including permanent damage to his left hip, knee, and ankle. After extensive surgery and physical therapy, Michels filed his administrative claim on September 19, 1990, eighteen months after the accident. To support his $450,000 claim, Michels submitted a September 1990 report by his treating physician, Dr. Allen Lang, in which Dr. Lang opined that arthritis could require future hip surgery but there was no evidence of arthritis at that time; that avascular necrosis, or loss of blood supply, could occur in the hip, but necrosis usually appears within eighteen months, and Michels showed no signs of it; that Michels's knee sustained permanent ligament damage but did not require reconstructive surgery; and that some permanent ankle stiffness was likely but no further ankle surgery was indicated. Michels hoped to work and eventually manage the family farm; Dr. Lang opined that Michels would be able to crop farm satisfactorily, but would be limited in his ability to handle livestock.

By the time of the January 1993 trial, additional examinations by Dr. Lang and by the government's consulting physicians had revealed that Michels's left leg was worsening. Michels moved to increase his FTCA claim under § 2675(b). The government resisted, and the district court deferred ruling on this motion.

After trial, the district court held the government liable. As to damages, it found (i) that Michels's hip shows signs of necrosis and post-traumatic arthritis and will require replacement surgery in the near future, a condition which "could not reasonably have been discovered" when Michels filed his administrative claim; (ii) that Michels has developed degenerative arthritis in his left knee and ankle that will likely require major surgeries, conditions which were "unknown to Michels and could not reasonably have been discovered by him" when he filed his administrative claim; and (iii) that the permanent injuries to Michels's left leg render him unable to crop farm, a disability which "was unknown to him and could not reasonably have been discovered by him" when he filed his administrative claim. The court further found that Michels had sustained $784,275.48 in total damages, $334,275.48 more than his administrative claim, and that $260,000 of the excess was directly attributable to damages arising from newly discovered evidence or intervening facts. The court granted Michels's motion to amend his damage claim under § 2675(b) and entered judgment for $710,000.

On appeal, the government raises two issues of law, first, whether the district court misapplied the legal standard in § 2675(b) for recovering in excess of an administrative claim, and second, whether we review *de novo* the district court's ultimate findings under § 2675(b).

## II.

Section 3675(b) provides that the amount of the claim presented to a federal agency limits the claimant's recovery in a subsequent FTCA lawsuit,

1. The HONORABLE MARK W. BENNETT, United States Magistrate Judge for the Southern District of Iowa, who tried the case by consent of the parties.

except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

This provision was part of the FTCA when it was adopted in 1948. Under the initial statute, only small claims could be presented to the agency, and that administrative procedure was optional with the claimant. *See* Act of June 25, 1948, ch. 646, §§ 2672, 2675, 62 Stat. 869, 983–84. In 1966, to encourage more administrative settlements, Congress amended the FTCA to require administrative claims in all cases. *See* S.Rep. No. 1327, 89th Cong., 2d Sess. 2 (1966), *reprinted in* 1966 U.S.C.C.A.N. 2515, 2516–18. In making that significant change, Congress left the above-quoted portion of § 2675(b) unchanged. *See* Pub.L. No. 89–506, § 2, 80 Stat. 306 (Jul. 18, 1966); 28 U.S.C. §§ 2401(b) & 2675(a).

We know of no legislative history—either in 1948 or 1966—that sheds light on how Congress intended the § 2675(b) exception to be applied. Under the initial statute, because administrative claims were optional and limited to small cases, the claims-limiting provision played a modest role, preventing small claimants who elected to proceed administratively from later "upping the ante" when the government refused to settle. However, when the 1966 amendments made administrative claims mandatory in all cases, § 2675(b) and its exception became highly significant to claimants, like Michels, who have suffered serious personal injuries the severity of which is both unpredictable and difficult to quantify in dollar terms. With no guidance from Congress on how to bring the § 2675(b) exception through this major transition, we are left to work with the statutory text, which has substantial content but, we conclude, no "plain meaning."

On appeal, the government argues that the district court misconstrued § 2675(b) in two respects. First, the government argues that, as a matter of law, an increase in the severity of a known injury or medical condition cannot justify relief under § 2675(b). In other words, if the injury is known when the ad-

ministrative claim is filed, the claimant is deemed to know the "worst case" damage scenario for that injury, regardless of whether the claimant's medical advisers correctly diagnosed the injury and predicted that damage scenario. Since Dr. Lang knew in September 1990 that Michels might develop necrosis or arthritis in his hip, had laxity in his knee, would have permanent stiffness in his ankle, and would have difficulty farming, the government argues there can be no increase in the administrative claim because these injuries developed much sooner and more severely than Dr. Lang initially predicted.

Not surprisingly, the government cites no case adopting this interpretation of the statute. The statute requires proof of "newly discovered *evidence* not reasonably discoverable," or of "intervening *facts*." It does not limit that proof to particular kinds of evidence or facts. It does not say that an unforeseen additional injury may qualify for § 2675(b) relief, but an unforeseen worsening of a known injury may not.

■ The government relies upon cases from other circuits holding that, when existing medical evidence and advice put the claimant "on fair notice to guard against the worst-case scenario" in preparing the administrative claim, a § 2675(b) motion to increase that claim in litigation will be denied. *See Reilly v. United States*, 863 F.2d 149, 172 (1st Cir.1988). In our view, that is a proper interpretation of the phrase "not reasonably discoverable," and we agree with cases such as *Reilly*. But we also agree with the many decisions acknowledging that a known injury can worsen in ways not reasonably discoverable by the claimant and his or her treating physician, and holding that such "newly discovered evidence" or "intervening facts," if convincingly proved, can warrant § 2675(b) relief. *See Spivey v. United States*, 912 F.2d 80, 85–86 (4th Cir.1990) (if no symptoms exist when administrative claim is filed, known possible side effect that later develops can constitute newly discovered evidence); *Allgeier v. United States*, 909 F.2d 869, 879 (6th Cir.1990) (need for more knee surgery and additional treatment "not reasonably foreseeable" when the administrative claim was filed); *Low v. United States*, 795 F.2d 466,

470 (5th Cir.1986) (summarizing prior cases). In our view, these cases, which dealt with unforeseeable personal injuries, are consistent with *McMichael v. United States*, 856 F.2d 1026, 1035–36 (8th Cir.1988), where we held that substantial economic inflation during ten years of claim litigation was an unforeseeable intervening fact warranting § 2675(b) relief.

 Second, the government argues that the district court's repeated use of the phrase, "reasonably based change in expectation," reflects the impermissible adoption of a subjective standard in applying § 2675(b). We agree with the government that § 2675(b) contains an objective standard— "newly discovered evidence not *reasonably* discoverable." We do not endorse the district court's use of the phrase "reasonably based change in expectation" in its otherwise lucid and thorough opinion.[2] Substituting this phrase for the language of the statute adds no clarity to the inquiry. It can even lead to error by suggesting that a subjective element—what the claimant expected—is as important *or even more important* in applying the § 2675(b) exception than the treating physician's knowledge and expert opinions at the time the administrative claim was filed.

We nevertheless disagree with the assertion that the district court adopted an impermissible subjective standard. The court clearly stated an objective standard: "[A] claim may be increased when the claimant either did not know or reasonably could not have known the severity of the injury at the time the FTCA tort claim notice was filed." 815 F.Supp. at 1261. It was careful to apply that objective standard at the critical stages of its factual analysis. *See id.* at 1264–65 & nn. 21, 22. Although in the future we encourage district courts to apply the statutory language, rather than try to improve it, we conclude that the district court committed no error of law in applying the statutory standard. *Accord Spivey*, 912 F.2d at 83–84 (concluding that "[d]espite some ambiguous language," the district court correctly applied an objective foreseeability standard).

### III.

 Finally, the government invites us to review the district court's ultimate findings of newly discovered evidence and intervening facts *de novo*. We may not do so. The meaning of the terms "newly discovered evidence not reasonably discoverable" and "intervening facts" in § 2675(b) is a question of statutory interpretation subject to *de novo* review. *See Thompson v. United States*, 989 F.2d 269, 270 (8th Cir.1993) (per curiam). But if the proper statutory standard has been applied, whether a claimant has proven the presence of "newly discovered evidence not reasonably discoverable" or "intervening facts" is a fact-intensive inquiry that is reviewed under the clearly erroneous standard. *See Allgeier*, 909 F.2d at 877; *Reilly*, 863 F.2d at 171; *Low*, 795 F.2d at 470; *Kielwien v. United States*, 540 F.2d 676, 680 (4th Cir.), *cert. denied*, 429 U.S. 979, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976).

The government does not argue that the district court's findings of newly discovered evidence and intervening facts are clearly erroneous. It argues only that the court committed errors of law in applying § 2675(b), contentions that we have rejected. Accordingly, the judgment of the district court is affirmed.

---

2. The district court perceived conflicting standards of law in the various circuit cases applying § 2675(b) and stated it was adopting the "approach" of the Eleventh Circuit in *Cole v. United States*, 861 F.2d 1261, 1262 (11th Cir.1988) (per curiam), and *Fraysier v. United States*, 766 F.2d 478, 480–81 (11th Cir.1985). We perceive little if any conflict among these cases, only different facts.