86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Peggy HOGAN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-15437.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 16, 1996.
Decided May 24, 1996.
 
 Before: ALARCON, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Peggy Hogan appeals from the judgment entered in her favor in her personal injury action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2672 et. seq. Hogan objects to the portion of the judgment which limits her recovery to the amount of damages sought in her administrative claim. Hogan also contends that the district court erred in denying her a continuance so that she could obtain a medical examination before trial. Hogan claims that the court similarly erred in denying her motion for partial new trial so that she could introduce testimony of her physician regarding her injury.
 
 
 3
 We affirm because Hogan did not establish newly discovered evidence or intervening facts justifying an increase in damages. Her attempt to obtain an evaluation of her condition by a medical doctor five years after she sustained her injury did not justify a continuance, nor did it provide a sufficient basis for a new trial.
 
 
 4
 * This action arose out of an October 28, 1988 accident between a United States Navy tractor-trailer and a car in which Peggy Hogan was a passenger. The Government has stipulated that its negligence caused the accident.
 
 
 5
 On November 25, 1988, Hogan submitted an administrative claim to the Navy for $50,000 in personal damages for "injury to back, neck, head, arm and legs." The Navy never acted on the claim.
 
 
 6
 On May 8, 1991, Hogan filed a complaint against the United States pursuant to the FTCA. In her complaint, Hogan alleged that she sustained a "permanent disability," and sought $50,000 in damages. On May 9, 1994, less than one month before trial, Hogan requested a continuance of approximately three to four months. The district court denied the request because it found that Hogan failed to establish good cause for a continuance.
 
 
 7
 After a three-day bench trial, the district court entered judgment in favor of Hogan. The district court concluded, however, that Hogan failed to prove an exception to the limitation on damages pursuant to section 2675(b) of the FTCA. Accordingly, the court limited her award of damages to the $50,000 she sought in her administrative claim. Hogan subsequently filed a motion for a partial new trial. The district court denied the motion. Hogan timely filed this appeal.
 
 II
 
 8
 Hogan contends that the district court erred in limiting the amount of damages she could recover in her legal action to the amount which she sought in her administrative claim. The Government argues that the limitation was mandated by the FTCA because Hogan failed to prove "newly discovered evidence not reasonably discoverable" or "intervening facts" justifying an increase in damages.
 
 
 9
 The FTCA provides plaintiffs an exclusive remedy against the United States for injuries arising out of tortious acts committed by Government employees within the scope of their employment. 28 U.S.C. §§ 1346, 2672 et seq. The FTCA requires claimants to submit a claim to the appropriate federal agency before instituting a legal action in a federal court. 28 U.S.C. § 2675(a). Generally, the amount of damages recoverable in a subsequent legal action is limited to the amount sought in the administrative claim. 28 U.S.C. § 2675(b).
 
 
 10
 An exception to the cap on the damages recoverable in a legal action is provided where "the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). The burden of establishing newly discovered evidence or intervening facts rests on the claimant. Kielwien v. United States, 540 F.2d 676, 680 (4th Cir.), cert. denied, 429 U.S. 979 (1976). Information which could have been discovered through the exercise of reasonable diligence does not qualify as newly discovered evidence or intervening facts for purposes of the exception contained in section 2675(b). Low v. United States, 795 F.2d 466, 470 (5th Cir.1986).
 
 
 11
 Hogan argues that the district court "erred as a matter of law" in denying her relief under section 2675(b) based on its finding that she failed to establish that her injuries or work limitations were permanent. According to Hogan, the district court "read into the statute, and imposed upon [Hogan], a new requirement not contained in § 2675(b), never urged by the government briefing." Hogan argues that the district court should have considered whether her injuries "unforeseeably lasted longer than anticipated." We disagree.
 
 
 12
 Hogan did not argue before the district court that she was entitled to increased damages because her injuries lasted "longer than anticipated." Rather, she argued that an increase in damages was justified because of newly discovered evidence that her "back injury was permanent, or that it would cause permanent work limitations." (emphasis added). Hogan also claimed that increased damages were justified by intervening facts that her injury "has become permanent, causing work limitations." The district court did not err in limiting its findings as to whether Hogan had established an exception under section 2675(b) to the grounds asserted by Hogan. See Kielwien, 540 F.2d at 680 (burden of establishing newly discovered evidence or intervening facts rests on the claimant). Moreover, because Hogan did not argue before the district court that an exception was justified by newly discovered evidence that her injuries lasted longer than anticipated, we will not address this issue. See United States v. Cupa-Guillen, 34 F.3d 860, 863 (9th Cir.), cert. denied, 115 S.Ct. 921 (1995) (issues not presented to the district court will not generally be considered for the first time on appeal). 31 F.3d 686, 689 (8th Cir.1994).
 
 
 13
 Hogan argues that the district court clearly erred in rejecting Dr. Ralph Ortiz's testimony that her injuries were permanent. A "trier of fact may properly reject uncontradicted testimony so long as it does so with good reason. Such evidence properly may be rejected because of its inherent unbelievability, because a witness's demeanor raises doubt as to his sincerity, or because the testimony is clouded with uncertainty." Jauregui v. City of Glendale, 852 F.2d 1128, 1132 (9th Cir.1988) (internal quotes and cites omitted).
 
 
 14
 The district court rejected Dr. Ortiz's testimony because it found his prognosis "at best inconsistent." Hogan does not challenge the district court's finding that Dr. Ortiz's testimony was inconsistent. Rather, she contends that the inconsistencies in Dr. Ortiz's testimony related to the "degree" of her disability, and that the district court erred in rejecting his "consistent" testimony that her injuries were permanent.
 
 
 15
 This argument lacks merit. The record demonstrates that Dr. Ortiz's testimony regarding whether Hogan's injuries and work limitations are permanent was inconsistent. Dr. Ortiz testified during direct examination that Hogan would "always have residual problems in her low back if she exerts herself. She is prone to reinjury of that area." On cross examination, however, Dr. Ortiz stated that because he was no longer treating Hogan, he could not comment on whether she would ever work again or whether she would be disabled throughout her life.
 
 
 16
 Hogan also claims that the Government's expert witness, Dr. John Lavorgna, testified that her back injuries are "chronic and continuing." The record, however, demonstrates that Dr. Lavorgna's testimony supports the district court's finding that Hogan failed to establish that her injuries or work limitations were permanent. Dr. Lavorgna testified that all of the objective medical tests performed on Hogan registered normal, and that he knew of no anatomic or orthopedic reason why Hogan could not work. He further stated that the tests conducted by Dr. Ortiz were subjective and lacked any scientific basis. The district court did not clearly err in finding that Hogan failed to establish that her injuries or work limitations were permanent.
 
 III
 
 17
 Hogan claims that the district court erred in denying her request for a continuance of the trial date. We review the denial of a motion for continuance for abuse of discretion. United States v. Real Property Located at Incline Village, 47 F.3d 1511, 1521 n. 5 (9th Cir.1995), cert. denied, 116 S.Ct. 762 (1996). When reviewing such a denial, we evaluate (1) the movant's diligence in preparing her case; (2) the likelihood that the need for a continuance would have been met if it had been granted; (3) the inconvenience to the nonmoving party and court; and (4) the harm suffered by the movant due to the denial. United States v. Flynt, 756 F.2d 1352, 1359 (9th Cir.1985).
 
 
 18
 Hogan argues that a continuance was justified because of the "recent worsening" of her condition. The record does not demonstrate that Hogan's condition has recently deteriorated. Hogan alleged in her complaint, filed May 8, 1991, that she had "sustained a permanent disability." In February 1993, four years after the accident, she sought additional treatment by her chiropractor. Accordingly, Hogan knew at least a year prior to filing her motion for a continuance that her injury was continuing to cause her discomfort.
 
 
 19
 Hogan had more than five years from the time of her accident until trial to obtain medical evidence in support of her claims. Yet it was not until March 1994, more than five years after her accident, that she finally sought evaluation and treatment from a medical doctor. Hogan failed to demonstrate diligence in preparing her case.
 
 
 20
 We further conclude that Hogan failed to demonstrate that a three-month continuance would have enabled her to establish that her injuries were permanent. During the five years preceding her motion for a continuance, Hogan's chiropractor examined her on three different occasions. Each time he found that her symptoms were identical to those she exhibited the first time he examined her in 1988. Prior medical tests, such as X-rays taken of Hogan's spine in 1988, and a body scan and magnetic resonance imaging performed in 1989, indicated that there was no objective physical evidence supporting Hogan's claims. In light of the results of these examinations, the district court could properly infer that it was not likely that an additional medical evaluation would establish that her injuries and work limitations were permanent.
 
 
 21
 This action had been pending three years when Hogan filed her request to continue the trial. Because of these delays, the Government had to take additional depositions of Hogan's experts, and have its experts reexamine Hogan on several occasions. The continued maintenance of this action has also resulted in expense and inconvenience to the district court. These costs would have continued to mount if this action had been further delayed for several months.
 
 
 22
 The district court's refusal to continue the hearing did not deprive Hogan of the only testimony supporting her claim that her injuries were permanent. Compare Flynt, 756 F.2d at 1361 (refusal to continue hearing deprived the defendant of the "only testimony potentially effective to his defense" that he lacked the mental capacity to commit contempt"). Hogan has consistently maintained that Dr. Ortiz was qualified to testify as to the nature, severity and residual effects of her neck and back injuries.
 
 
 23
 We conclude that the district court did not abuse its discretion in denying Hogan's motion for a continuance. Hogan's belated attempt to obtain a medical evaluation did not justify the burden a continuance would place on the Government and the court.
 
 IV
 
 24
 Hogan contends that the district court erred in denying her motion for a new trial. This court reviews the trial court's denial of a motion for a new trial for abuse of discretion. Larson v. Neimi, 9 F.3d 1397, 1398 (9th Cir.1993).
 
 
 25
 Hogan asserts that she is entitled to a new trial because the proposed testimony of Dr. Joyce Yano constitutes newly discovered evidence. To obtain a new trial on the basis of newly discovered evidence, Hogan must demonstrate that: (1) although she exercised due diligence, she failed to discover the evidence earlier; and (2) the evidence is of facts existing at the time of trial. Contempo Metal Furn. Co. v. East Texas Motor Freight Lines, Inc., 661 F.2d 761, 766 (9th Cir.1981). Hogan has failed to establish that Dr. Yano's testimony satisfies either of these factors. As discussed above, Hogan did not exercise due diligence in seeking to obtain an evaluation of her injuries from Dr. Yano until more than five years after the accident. Moreover, Hogan admits that Dr. Yano's opinion regarding whether Hogan's injuries and work limitations were permanent was not formed until after the trial.
 
 
 26
 Hogan also argues that she is entitled to a new trial because the district court erred: (1) in rejecting Dr. Ortiz's testimony that her injuries were permanent; and (2) in denying her motion for continuance of trial. These arguments were addressed and rejected above.
 
 
 27
 Finally, Hogan appears to argue that she is entitled to a new trial "to avoid a miscarriage of justice and an unjust result." She has failed to demonstrate that the denial of her motion for a new trial resulted in a miscarriage of justice or an unjust result. Hogan failed to exercise reasonable diligence in obtaining a medical evaluation and the opinion of a medical doctor. Any harm caused by Hogan's failure to exercise reasonable diligence in gathering evidence to support her claim was not caused by the Government.
 
 
 28
 AFFIRMED.
 
 
 
 *
 This action was heard before Magistrate Judge Phyllis J. Hamilton pursuant to the parties' stipulation. 28 U.S.C. § 636(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3